MAYRONNE AND SONS

v.

EDDY AND SONS, Appellant

———

(May 23, 1927.  Opinion and Decree.)
(June 20, 1927.  Opinion and Decree.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Sales—Par. 42, 46, 64.—Obligations—Par. 87.**
The manner in which a doubtful contract has been executed by the parties or by one with the assent of the other furnishes a rule for its interpretation.

2. **Louisiana Digest—Obligations—Par. 81.**
In a doubtful case an agreement is interpreted against the obligor.

3. **Louisiana Digest—Obligations—Par. 74.**
When the doubt aries from the want of explanation one of the parties should have given the construction favorable to the other party shall be adopted.

Appeal from 24th Judicial District Court for the Parish of Jefferson. Hon. L. Robert Rivarde, Judge.

Action by Jules Mayronne and Sons against Lawrence C. Eddy and Sons.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

A. H. Thalheim, of New Orleans, attorney for plaintiffs, appellees.

C. J. Larkin, Jr., L. A. Middleton, of New Orleans, attorneys for defendants, appelllants.

CLAIBORNE, J. This is a suit for the price of lumber.

The plaintiffs allege that on August 21, 1924, they sold to the defendant certain building lumber amounting to $265.93 for which they claim judgment with privilege.

The defendant filed a general denial.

There was judgment in favor of plaintiff and defendant has appealed.

The bill is for 6998 feet of lumber, tongue and grove flooring, board measure.

The facts are that the defendant submitted to the plaintiff a list of lumber *to be furnished and for a price thereon.* In that list is the following item:

"Flooring 2x6 T. and G. 1 Heart 6000 sq. ft. 1 common."

The plaintiff answered the submission as follows: "July 3, 1924. We agree to furnish only the articles named and described below for $1648.19.

(Signed) "Jules Mayronne and Sons."

Then follow, item by item, a list of articles they engage to furnish; among those articles is the following item:

"Length No. 1, Grade No. 117, 6000 feet Drop siding."

The plaintiffs furnished all the articles mentioned on their bid, including 6000 feet and were paid for them, less 2 per cent discount for cash.

Subsequent to July 3, 1924, the defendants claimed a larger quantity of lumber, amounting to $265.93, which the plaintiff sent them.

Defendants' contention is that the *subsequent delivery was included in the plaintiffs' bid of July 3rd* for the reason that the defendants had called for bids on

6000 "square feet," and plaintiffs bid for "6000 feet" meant 6000 square feet, as stated in the submission, and that plaintiff had delivered prior to the last delivery only 6000 feet board measure.

In other words, plaintiffs' contention is that the lumber sued on was not included in the original bid and the price of $1648.19 which was paid but formed the subject of a subsequent order and contract.

The defendants' contention is that the plaintiffs, by the submission and by their bid, were obliged to furnish 6000 square feet or 12,000 feet board measure, while they furnished, under said submission and under their bid only 3000 square feet or 6000 feet board measure; and that their subsequent delivery of 6998 feet board measure was only a completion of their original bid.

The solution of the differences between plaintiffs and defendants depends upon the construction of the plaintiffs' bid whether it was for 6000 square feet or for 6000 feet board measure.

R. W. Mayronne testifies that lumber is sold by board feet measure.

N. P. Brown, president of the New Orleans Retail Lumber Dealers Association, says that the only two terms used in the lumber business are board measure and lineal feet; he never dealt in square feet, board feet is the way they sell lumber; "feet" mean "board feet," lumber is not sold on square feet basis; he could not deliver 6000 square feet of 2x6 flooring; he would not know how. But he furnished the plaintiff the lumber.

L. C. Eddy is manager of the defendant company, dealers in groceries and grains, he knows nothing of lumber terms or grades; he employed T. L. Perrier, architect, to prepare plans and specifications for a building. Perrier prepared the list for submission to the lumber dealers; Eddy submitted those plans to Mayronne and discussed them with him; Mayronne never told him there was a difference between square measure and board measure and lineal measure; he accepted Mayronne's bid because it was the lowest; immediately upon checking up the lumber on receiving it, he perceived there was a shortage and notified plaintiff by phone; without explanation, the shortage was corrected by plaintiffs sending the list of lumber presently sued for; at that time plaintiff did not say that he had already delivered the lumber his bid called for; he received his check for the $1648.19 without demanding payment of the lumber presently sued for; he did not send defendant a bill for the same; the first notice defendant got was a letter from plaintiffs' attorney on November 24th.

The list submitted by defendant to plaintiff calls for 1000 square feet; 6000 square feet would require 12,000 feet board measure.

Article 1956 (1951) of the Civil Code provides that "when the intent of the parties is doubtful, the construction put upon it by the manner in which it has been executed by both or by one with the express or implied assent of the other furnishes a rule for its interpretation." State vs. James, 47 La. Ann. 176.

At the time, September 3rd, the plaintiff received the check of $1615.23, in payment of the lumber furnished by them; they made no claim for any other amount; they never sent defendants a bill for the amounts presently claimed; the first intimation the defendant had of the claim

was an attorney's letter dated November 24th.

At the time the plaintiffs made their bid they should have called the attention of the defendant to the difference they intended to make and were making between square and board measure. The Civil Code, Article 1958 (1953), provides:

"But if the doubt or obscurity arises for the want of necessary explanation which one of the parties ought to have given, or from any other negligence or fault of his the construction most favorable to the other party shall be adopted whether he be obligor or obligee."

Moore & Co. vs. Clapp, 36 La. Ann. 695; Ronaldson vs. Hamilton, 6 La. Ann. 204.

What is doubtful in an agreement is to be interpreted against him who has contracted the obligation. C. C. 1957. Harper vs. Citizens Bank, 51 La. Ann. 511, 25 South. 466; Field & Co. vs. N. O. Delta Newspaper Co., 20 La. Ann. 36.

The plaintiffs had contracted the obligation to furnish the lumber; any ambiguity must be construed against them.

It is therefore ordered that the judgment herein be reversed and set aside and it is now ordered that plaintiffs' demand be rejected at their cost in both courts.

Judgment reversed.